# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| C.S., by and through his next friend, Joseph St. Pierre, <br><br> Plaintiff, <br><br> vs. <br><br> Tina Johnson, et al. <br><br> Defendants. | Case No. 8:17-cv-03308-DCC |
| C.S., by and through his next friend, Joseph St. Pierre, <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Social Services (SCDSS), et. al. <br><br> Defendants. | Case No.: 8:18-cv-01087-DCC |

## ORDER APPROVING SETTLEMENT

This matter came before me on January 23, 2019, for the hearing of a Petition for Approval of Settlement (the "Petition") filed by Petitioner, Joseph St. Pierre ("Petitioner"), the duly qualified and acting next friend of Plaintiff C.S. Though court approval of the settlement is not required by law, the parties sought this Court's review and approval of the settlement to affirm its fullness, fairness, and finality, and to ensure the settlement is justified and in the best interest of C.S. After considering the evidence presented and the arguments of counsel, the Court finds and concludes as follows:

1. C.S., through his next friend Joseph St. Pierre, previously asserted causes of action related to or arising from alleged personal physical injury via sexual abuse against Defendants in

the above-captioned matters. *See* Amended Complaint in Case No. 8:17-cv-03308-DCC [ECF No. 38]; Complaint in Case No. 8:18-cv-01087-DCC [ECF No. 1-1].

2. Defendants denied all allegations by C.S. and asserted affirmative defenses to dispute any liability. In addition, some Defendants filed Partial Motions to Dismiss, which were granted without prejudice and with leave for Plaintiff to amend his Complaint.

3. Further, Defendant South Carolina Department of Social Services filed a third-party action for contractual indemnification against Defendant South Carolina Youth Advocate Program.

4. The parties conducted detailed discovery and all key witnesses in the case were deposed.

5. Following discovery and depositions, in the interest of compromise, and being mindful that Defendants' liability in this lawsuit is disputed and in further view of the risk, expense, and delay involved in further litigation, Petitioner and Defendants agreed to a confidential settlement and mutual release.

6. The Court has reviewed and analyzed the reasonableness of the settlement at the hearing held on January 23, 2019. The Court also reviewed the parties' proposed Confidential Settlement and Mutual Release Agreement for settlement of C.S.'s claims, which was provided to the Court for *in camera* review.

7. Upon reading and carefully considering the verified Petition addressed to this Court, the Confidential Settlement and Mutual Release Agreement executed by parties, and upon seeing, observing, and interviewing the parties and their counsel, the Court concludes that the settlement is fair, just, and in the best interest of C.S. and the other parties, and that the same should be approved. The Court finds and concludes that Petitioner has carefully considered the

advisability of accepting this offer on behalf of C.S., that the settlement constitutes a good faith settlement under South Carolina law, and that said settlement should be accepted and approved.

8. Further, after reading and carefully considering the verified Petition addressed to this Court, and upon seeing, observing, and interviewing the parties and their counsel, the Court further authorizes the disbursement of $76,000 in attorneys' fees and $12,898.82 in costs to Heather H. Stone, Esq., of the firm Hite & Stone, for attorneys' fees and costs incurred in the representation of Petitioner in this action. The remaining settlement proceeds are to be handled and disbursed by the Petitioner in accordance with the distribution outlined by Petitioner in the Verified Petition, with the exception that the LLC that shall hold title to C.S.'s real property shall be solely owned and managed by C.S.

9. After careful consideration of the materials and statements provided by the parties and/or their counsel, the Court concludes the terms and amounts of the proposed settlement are fair and reasonable in exchange for a complete release and acquittance of Defendants from all claims, causes of action, and/or third-party claims that were or could have been asserted by the parties to this suit.

IT IS, THEREFORE, ORDERED that Petitioner, as next friend of Plaintiff C.S., is authorized to execute the Confidential Settlement and Mutual Release Agreement and any other documents that may be necessary to effect a release, settlement and dismissal of all claims the Petitioner may have against Defendants, and that representatives of the other parties are authorized to execute said agreement and documents to effectuate the settlement and acquittance of the claims, including those that Defendant South Carolina Department of Social Services may have against Defendant South Carolina Youth Advocate Program, arising out of or in any way connected with the above described incident.

This is not an Order for Judgment, but merely an approval of the settlement, as provided by the statutes and laws of this State, and, therefore,

IT IS FURTHER ORDERED that the Clerk of this Court shall not enter this as a money judgment.

IT IS FURTHER ORDERED that the case shall be dismissed, with prejudice, with each party bearing its own costs.

IT IS SO ORDERED.

s/Donald C. Coggins Jr.<br>United States District Judge

Dated: January 31, 2019
Spartanburg, South Carolina

Pursuant to Local Civil Rule 83.I.06 (D.S.C.), this Order is being sent to local counsel only.